## JOHN GREEN V. THE STATE.

### No. 11063.   Delivered October 26, 1927.

### Rehearing denied November 30, 1927.

**1.—Sale of Intoxicating Liquor—Continuance—Absent Witnesses—Properly Refused.**

Where, on a trial for the sale of intoxicating liquor, the state established a sale made on December 10, 1925, there was no error in refusing appellant's subsequent application for a continuance to secure witnesses to prove an alibi on December 9, 1925, this testimony not being material. See Bonners v. State, 35 S. W. 656, and Underwood v. State, 38 Tex. Crim. Rep. 196.

**2.—Same—Impeaching Witness—Held Proper.**

There was no error in permitting proof on cross-examination of a witness that he had been charged with a violation of the liquor law. Such proof was admissible as impeaching testimony.

#### ON REHEARING.

**3.—Same—No Error Presented.**

Nothing is presented by appellant in his motion for rehearing that the original determination of his case was erroneous and his motion is overruled.

Appeal from the District Court of Liberty County.   Tried below before the Hon. Thos. B. Cole, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was indicted for the sale of intoxicating liquor in Liberty County, which sale was alleged to have occurred on the 10th day of December, 1925, and his punishment fixed at one year in the penitentiary.   This indictment was returned at the February term, 1926, of the District Court of Liberty County.   At the February term, 1927, of the said District Court, the defendant made what he denominates a subsequent application for a continuance on account of the absence of the witnesses, Lucille Harris and Mrs. Leo Green. The application alleges that defendant expects to prove and can prove "that the defendant spent the night of December 9 at her

home in Houston and left the next morning with some men to go duck hunting at some point near La Porte, returning that night with several ducks they had killed." The state's testimony shows the sale was made in Dayton, Liberty County, on December 10, 1925, about ten o'clock in the morning.

Defendant's bill of exception is qualified by the court, as follows: "This case was reset two or more times at former terms of this court in order to secure the attendance of these witnesses, except the witness, Mrs. Leo Green, wife of defendant, who was present during the trial of this case and did not testify." The bill nowhere shows the distance from Houston to Dayton and in nowise negatives the fact that appellant could have been at Dayton after leaving the home of the witness in Houston at the time testified by state's witness. The testimony of this witness might be true, and yet would not in any way conflict with the state's evidence going to establish the guilt of the defendant. Bonners v. State, 35 S. W. 650; Underwood v. State, 38 Tex. Crim. Rep. 196. Besides this, the bill does not show such an abuse of discretion as the law has lodged with the court in matters of this kind. The continuance was properly overruled.

By bill of exception No. 1 it is shown that while the witness, Remke, was on the stand, he was asked if there had not been a complaint filed against him in the Justice Court of Liberty County charging him with a violation of the liquor law. This bill does not show whose witness Remke was, nor such circumstances and facts as would show injury to appellant, nor does the bill show that a grand jury had intervened since the filing of said complaint with no indictment returned. This bill shows no error.

The judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In the light of appellant's motion, the propositions advanced therein have been again examined and considered. We can add little to what was said in the original opinion. The record makes it plain that the motion for continuance is not good. There would not appear any ground for

believing that had the absent testimony been before the jury a different result would have been obtained. Nothing indicates an abuse of the discretion of the court in overruling the application. One who seeks to invoke the rule against the use of testimony reflecting upon a witness' credibility, that such witness has had a complaint filed against him charging him with a felony must assume the burden of showing that the grand jury has met since the filing of the complaint and that no indictment was returned. This burden appellant did not discharge. It is proper and permissible to prove against a witness that a complaint has been filed against him charging him with a felony or an offense involving moral turpitude. In the absence of some showing in the bill of some circumstance requiring the rejection of such testimony, we assume that the action of the trial court was correct.

The motion for rehearing is overruled.

*Overruled.*