S. B. Scarbrough v. The State.

No. 13398. Delivered April 16, 1930.
Reported in 27 S. W. (2d) 198.

The opinion states the case.

*John F. Weeks* of Odessa and *James W. Jones,* for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—The offense is murder and the penalty fifty years in the penitentiary.

Appellant and deceased were rivals for the affections of Mrs. Lillian Harris, who lived in a small two room house back of a hotel operated by her mother and stepfather in the town of Wink. The State's evidence tends to show that on the night of the tragedy the deceased was in the room of Mrs. Lillian Harris with the lights out and that appellant broke through the door with a gun in his hand, whereupon the two men grappled. Four shots were fired and deceased was thereafter found wounded and in a short time died. The theory of the State apparently was that appellant killed deceased through jealousy and to rid himself of a rival.

Appellant's testimony tends to show that he had a previous agreement with Mrs. Harris to come to the place the night of the tragedy; that he did go there, not knowing that his rival was there, and that his rival attacked him with a pistol. During a fight for its possession the pistol was discharged several times; that he had hold of the pistol only at the last shot; that deceased had theretofore threatened his life and that he shot in defense of himself.

. The Court appears to have fully covered the various defenses raised by the testimony and such of the special charges requested as present correct propositions of law were embodied in the Court's main charge. These will not be discussed.

Bill of Exception No. 5 presents as error the action of the Court in forcing the appellant to answer the question, "Have you ever lived with Mrs. Lillian Harris as your wife?" The answer was that he had not lived with her as his wife but that he had lived in her house and had bought the groceries and paid for them and that

she did the cooking and that they ate at the same table. In view of the State's theory, already adverted to, this testimony was admissible as tending to prove a motive for the killing. Walker v. State, 84 Tex. Crim. Rep. 136; Underhill's Criminal Evidence (3rd Ed.), Sec. 503, p. 718.

By Bill of Exception No. 6 it is shown that the State on cross-examination of one of appellant's material witnesses asked him if he had not been in jail in Winkler County charged with the unlawful possession of intoxicating liquor, whereupon he was asked by appellant's counsel if he had ever been indicted for such offense, to which he answered "No," and over appellant's objection stated that he had been arrested on one occasion charged with having intoxicating liquor in his possession for sale but had never been indicted. The rule is that when a party is charged with a felony by complaint only and sufficient time has elapsed for an indictment and none has been returned, proof that such complaint was made is not admissible against him as affecting his credibility. Newton v. State, 94 Tex. Crim. Rep. 288, and authorities there cited. See also Green v. State, 300 S. W. 55. The appellant, however, must always in a bill of exception by definite and certain averments make manifest the error complained of. We cannot supply by inference what should be shown in the bill as a fact. Appellant's bill fails to show that a grand jury had met and adjourned without indicting appellant subsequent to his being charged. Obviously if the charge had just been filed and the grand jury was still in session, the testimony is admissible, and the existence of such a state of facts is not negatived in the bill and in the absence of this the presumption is that the Court's ruling was correct. 4 Tex. Jur., Secs. 216 and 217.

It is insisted in two other bills of exception that the Court erred in admitting certain testimony in rebuttal that should have been admitted as original evidence, that the evidence was not in rebuttal to anything appellant offered. This is a matter within the discretion of the trial court with which we have no right to interfere and particularly in the absence of a showing of injury.

Other bills of exception are so qualified as to show no error and their discussion would in our opinion be a useless consumption of space.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.